UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12- CV-20495-COOKE/TURNOFF

JUAN FLORES,

        Plaintiff,

Vs.

STONELEIGH RECOVERY ASSOCIATES, L.L.C.,

        Defendant.
_____/

## RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM FOR FDCPA VIOLATIONS

Appearing *pro se,* Plaintiff Juan Flores (Plaintiff) filed his Complaint on February 8, 2012 (Complaint). The Complaint purports to state a claim for relief against Defendant Stoneleigh Recovery Associates, LLC (Stoneleigh) for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* (2012), the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 *et seq.* (2012).

In the Complaint, Plaintiff posits the following, bare assertions: (1) "On September 23, 2011, [Stoneleigh] initiated a hard pull on Plaintiff's credit report from Experian without a permissible purpose"; (2) "On September 23, 2011, [Stoneleigh] initiated a soft pull on Plaintiff's credit report from Experian without a permissible purpose." (Complaint at p. 2, ¶ 7 & 8). Absent additional facts or information, Plaintiff alleges violations of 15 U.S.C. §§ 1681b(f), 1692e, 1692e(2),1692f, 1692g(B) and Fla. Stat. §§ 559.55(2), 559.55(6), 559.72(9).

Plaintiff's claims, however, fail to satisfy the minimum pleading requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Stoneleigh is a "debt collector" hired by the owner of Plaintiff's past due account to conduct collection activities. (See Stoneleigh's Exhibits 1-3[1]). Consequently, Stoneleigh had a valid statutory purpose under the FCRA for obtaining Plaintiff's credit report. The FCRA expressly permits a debt collector to obtain a consumer's credit report "in connection with a credit transaction involving. . . collection of an account of consumer" on whom the information is to be furnished. 15 U.S.C. § 1681b(a)(3)(A). Accordingly, Stoneleigh will respectfully request that this action be dismissed with prejudice and without leave to amend in its forthcoming motion brought pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure. See Makreas v. Moore Law Group, A.P.C., No. C-11-2406 MM C, 2011 U.S. Dist. LEXIS 80485, at *6-7 (N.D. Cal. 2011) (*pro se* plaintiff's conclusory allegation that defendant lacked a "permissible purpose" in obtaining his credit report was insufficient to state a claim for relief).

Plaintiff additionally claims that the "ALLEGED VERIFICATION" is insufficient stating "[b]y definition, 'Validation requires presentment of Account and General Ledger Statement signed and dated by party responsible for maintenance of the account." (Complaint at p. 2, ¶ 11; see also Plaintiff's Statement of Claim for FDCPA Violations Exhibit C). In the next few paragraphs of Plaintiff's Complaint, Plaintiff asserts that three communications made by Stoneleigh, in response to the Plaintiff's own requests, contained statements at the bottom stating: "The Firm is a debt collector. We are attempting to collect a debt. Any information obtained will be used for that purpose." (Complaint at p. 2, ¶ 13 &

---

[1] Stoneleigh's Exhibits 1-3 illustrate the legitimacy of Plaintiff's overdue account and the placement of Plaintiff's account with Stoneleigh for collection. Stoneleigh's Exhibit 1 is the Affidavit of Bill Sorgatz, Outsourcing Director at The Bureaus, Inc. confirming placement of Plaintiff's overdue account with Stoneleigh. Stoneleigh's Exhibit 2 is the Affidavit and Bill of Sale between HSBC Bank Nevada and Bureaus Investment Group Portfolio No 15. Stoneleigh's Exhibit 3 is Plaintiff's signed credit card agreement. Stoneleigh's Exhibit 4 is Plaintiff's last credit card Account Statement before HSBC Retail Services sold the account to the Bureaus Investment Group Portfolio No. 15. Stoneleigh's Exhibit 4 shows the overdue balance at the time of sale to Bureaus Investment Group Portfolio No 15.

14). From these conclusory statements, and with no additional facts or information, Plaintiff alleges violations of 15 U.S.C. §§ 1681b(f), 1692e, 1692e(2),1692f, 1692g(B), and Fla. Stat. §§ 559.55(2), 559.55(6), 559.72(9) . Plaintiff's bare assertions however, fail to satisfy the minimum pleading requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). See Ashcroft, 556 U.S. at 678.

Moreover, because Plaintiff was provided proper validation, see Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999)[2], the FDCPA permitted Stoneleigh to resume collection activities. See 15 U.S.C § 1692g(b). While the sentences Plaintiff cites in his Complaint were not included in communications attempting to collect a debt, Stoneleigh includes this language on all communications with consumers in order to strictly comply with the FDCPA requirement to notify the consumer that the company is a "debt collector" and that "any information obtained may be used for debt collection purposes." 15 U.S.C. § 1692e(11). Therefore, Stoneleigh will respectfully request that these allegations be dismissed with prejudice and without leave to amend in its forthcoming motion brought pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure.

I HEREBY CERTIFY that a copy of the foregoing was sent via email to Juan Flores (juanyflores2000@yahoo.com), Plaintiff, pro se, 17010 SW 36 Ct., Miramar, FL  33027-4548 on this 13th day of June, 2012.

---

[2] Chaudhry stated, "[c]onsistent with the legislative history, verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. . . . There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." 174 F.3d at 406. Several other courts have supported this conclusion. See, e.g., Dunham v. Portfolio Recovery Assocs., LLC., 663 F.3d 997, 1003 (8th Cir. 2011); Clark v. Capital Credit & Collection Servs. Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Maynard v. Cannon, 401 Fed. Appx 389 (10th Cir. 2010); Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991); Anderson v. Frederick J. Hanna & Assocs., 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005).

LAW OFFICE – JAMES J. GALLAGHER
Attorneys for Defendant
200 E. Broward Boulevard – Suite 1000
Fort Lauderdale, Florida 33301
Main Line: (954) 462-1117
Direct Dial: (954) 308-8790
Fax: (954) 343-4782

BY: _____
Valerie E. Pitt
FBN: 0121517
Valerie.pitt@chartisinsurance.com